Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1150 | **DATE** | 9/16/2003 |
| **CASE TITLE** | Vaden vs. Indymac Bank, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ■ Status hearing set for 9/25/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. The Court grants plaintiff's motion for summary judgment (29-1) as to liability on his claim regarding disclosure of the security interest but otherwise denies the motion. The Court denies both defendants' motions for summary judgment (27-1,32-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 19 2003 date docketed | 44 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 03 SEP 17 PM 5:12 | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | date mailed notice | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD VADEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 02 C 1150** |
| | ) | |
| **INDYMAC BANK, F.S.B. and UNIVERSAL FINANCIAL GROUP, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

DOCKETED
SEP 19 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Ronald Vaden sued defendants Universal Financial Group, Inc., and IndyMac Bank, F.S.B., for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Specifically, Vaden alleges that (1) the Federal Truth-in-Lending Disclosure Statement that he signed to refinance his mortgage violated 15 U.S.C. § 1638(a)(9) and 12 C.F.R. § 226.18(m) by not properly disclosing the security interest Universal acquired in his home; and (2) Universal did not provide him with proper notice of his right to rescind the transaction as required by 15 U.S.C. § 1635(a). Compl. ¶¶ 10-11. Vaden filed a motion for summary judgment on both claims, seeking rescission of the mortgage and damages. Universal, the original creditor, and IndyMac, the assignee which now holds the mortgage, have filed cross motions for summary judgment on the claim regarding notice of the right to rescind. For the reasons stated below, the Court grants Vaden's motion for summary judgment on the first claim but concludes that this particular violation does not entitle Vaden to rescind the transaction. The Court denies all parties' motions



44

for summary judgment as to the second claim, finding there is a genuine issue of material fact as to whether proper notice of the right to rescind was ever delivered to Vaden.

**Factual Background**

On March 2, 2001, Vaden refinanced his mortgage and obtained a $142,800 adjustable rate mortgage loan from Universal. Frank Mahar, a representative of Universal, came to Vaden's home and got his signature on five documents. One of the documents, called the "Federal Truth-in-Lending Disclosure Statement," did not list Vaden's home under the heading "SECURITY INTEREST: You are giving a security interest in: . . . " Rather than listing Vaden's home address, the number "2" was typed next to a checked-off box. *See* Compl. Ex. D. The loan was later assigned by Universal to IndyMac Bank. On Jan. 27, 2002, Vaden, through his attorneys, sent Universal a letter rescinding the loan. Pl.'s Motion Ex. H.

Universal admits that the notice of the right to rescind provided to Vaden on March 2, 2001, improperly stated that the loan could not be rescinded as to amounts presently owed. Universal's Resp. to Pl.'s Facts ¶ 9. But Universal and IndyMac state that Universal corrected the error within 60 days of discovering it, relieving them of civil liability under 15 U.S.C. § 1640(b). *See* Universal's Mot. at 7. Universal's former president, Edwin Gausselin, submitted a declaration explaining that "[f]or unknown reasons, the software operator that generated the Notice of Right to Cancel for Mr. Vaden's loan closing package chose" the wrong notice form. Gausselin Decl. ¶ 13. While reviewing Universal's records as part of the company's Compliance Review Program around March 15, 2001, Gausselin realized that about 300 customers had received the wrong Notice of Right to Cancel documents. *Id.* ¶¶ 16-22. Gausselin states that on April 3, 2001, he sent a letter to Vaden at 107 Sharon Lane, North Aurora, IL 60542, enclosing

two copies of the proper Notice of Right to Cancel form and giving Vaden until April 10, 2001, to exercise his right to cancel. *Id.* ¶¶ 23-24.

Vaden testified at his deposition that he never received the proper Notice of Right to Cancel forms. Vaden Dep. at 29-30. He confirmed that he lived at 107 Sharon Lane in April of 2001 and was not experiencing problems with receiving mail at the time. *Id.* at 28-29, 31.

**Analysis**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court evaluates admissible evidence in the record in the light most favorable to the nonmoving party. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002). The Court's "function is not to weigh the evidence but merely to determine if 'there is a genuine issue for trial.'" *Id.* at 694 (citation omitted).

**1. Claim regarding the failure to disclose the security interest**

TILA requires the creditor to disclose the item in which it has acquired a security interest. 15 U.S.C. § 1638(a)(9). On its face, the Federal Truth-in-Lending Disclosure Statement signed by Vaden, Compl. Ex. D, contains an error: where the address of Vaden's home should be listed under the heading "SECURITY INTEREST," only a "2" has been typed. "TILA mandates that lenders disclose, in statements to consumers, property subject to security interests by 'item or type.'" *Szumny v. American General Finance*, 246 F.3d 1065, 1069 (7th Cir. 2001) (quoting 15 U.S.C. § 1638(a)(9)). Universal clearly failed to do so on this form.

Both defendants argue that the other documents signed by Vaden made clear that his

home was the security interest for the mortgage, and, therefore, the security interest was sufficiently disclosed. IndyMac points out that the Mortgage specifically states:

> THIS MORTGAGE ("Security Instrument") is given on MARCH 2, 2001. The mortgagor is RONALD E. VADEN, AN UNMARRIED MAN, whose address is 107 Sharon Lane, North Aurora, IL 60542 ("Borrower"). This Security Instrument is given to Universal Financial Group, Inc. . . . Borrower owes Lender the principal sum of ONE HUNDRED FORTY-TWO THOUSAND EIGHT HUNDRED AND 00/100 Dollars (U.S. $ 142,800.00). . . . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender, the following described property located in Kane County, Illinois: . . . which has the address of 107 Sharon Lane, North Aurora, Illinois 60542 ("Property Address") . . .

Compl. Ex. B. Universal points out that on the Federal Truth-in-Lending Disclosure Statement itself, Vaden's address appears under his name at the top of the document. Universal contends that "[n]o reasonable person could read this TILA Statement and understand that a security interest would be taken in any other property." Universal's Resp. at 4.

However, Vaden need not show that he did not know what security interest Universal took in order to prevail on his motion for summary judgment. Under the TILA the facial error alone is enough to create civil liability:

> It is not sufficient to attempt to comply with the spirit of TILA in order to avoid liability. Rather, strict compliance with the required disclosures and terminology is required. Many violations of TILA involve technical violations without egregious conduct of any kind on the part of the creditor. However, Congress did not intend that creditors should escape liability for merely technical violations.

*Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 416 (7th Cir. 1980) (citations omitted). A borrower can recover the statutory penalty for a technical violation without showing

that he has been deceived by the statutory violation. *Brown v. Marquette Savings and Loan Assoc.*, 686 F.2d 608, 614 (7th Cir. 1982). Vaden has provided the Federal Truth-in-Lending Disclosure Statement to show that Universal committed a technical violation of the TILA; defendants do not provide anything indicating a genuine issue of fact remains. Because Vaden has proven a violation of the TILA, he is entitled to summary judgment as to liability on the claim.

IndyMac argues that as an assignee, it should not be held liable for Universal's violation. Under the TILA, any suit

> which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. § 1641(a). By looking at the Federal Truth-in-Lending Disclosure Statement signed by Vaden, it is readily apparent that the security interest was not properly disclosed. Therefore, under § 1641(a)(1), IndyMac is also liable for the error.

However, our determination that defendants are liable for failing to properly disclose the security interest does not entitle Vaden to rescind his mortgage. Not all TILA disclosure violations extend the period for the obligor to rescind a loan. Under the TILA, the obligor has up to three days to rescind the transaction after the later of either: (1) "the consummation of the transaction," or (2) "the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this

subchapter." 15 U.S.C. § 1635(a). If, however, the creditor fails to deliver the rescission forms, or fails to provide the required material disclosures, the right to rescind extends for three years after the transaction's consummation. *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d 910, 913 (N.D. Ill. 2002) (citing 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3)); 12 C.F.R. § 226.23(a)(3).

In sum, Universal's failure to disclose Vaden's security interest only extended his right to rescind if the security interest was a material disclosure. It was not. The TILA defines "material disclosures" as the

> disclosure . . . of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title.

15 U.S.C. § 1602(u); *see also* 12 C.F.R. § 226.23(a)(3) fn.48. In other words, a security interest is not classified as a material disclosure. *See Diehl v. ACRI Co.*, No. 92-1224, 1993 WL 818766, at *5 (C.D. Ill. Dec. 3, 1993); *see also Rowland v. Magna Millikin Bank of Decatur, N.A.*, 812 F. Supp. 875, 880 (C.D. Ill. 1992). Therefore, Universal's failure properly to disclose the security interest did not extend Vaden's rescission period.

**2. Claim regarding the failure to deliver notice of the right to rescind**

Vaden raises a second ground for why he should be allowed to rescind the mortgage. He claims that he did not receive proper notice of his right to rescind and that under 15 U.S.C. § 1635(f) he has three years from March 2, 2001, the date of the mortgage closing, to rescind. Universal admits that the original notice of the right to rescind that it provided to Vaden was for

existing borrowers, which Vaden was not, and stated, "If you cancel this new transaction, it will not affect any amount that you presently owe." Universal's Facts ¶¶ 14, 20-21. But, defendants argue, Universal corrected its error within 60 days of discovering the problem, absolving itself–and IndyMac–of liability for the original mistake. Under 15 U.S.C. § 1640(b), the creditor is not liable for a TILA violation if it corrects the error within 60 days of discovering the problem and "notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary." 15 U.S.C. § 1640(b). Universal has provided an affidavit in which its then-president Edwin Gausselin states that when he learned of the error, he mailed Vaden two copies of the proper notice form on April 3, 2001, along with a letter extending the period in which Vaden could rescind the transaction to three days from the date of receipt of the proper notice. Gausselin Decl. ¶¶ 19-24. Vaden, however, has provided deposition testimony in which he states that he never received the proper notice. Vaden Dep. at 29.

The TILA requires creditors to "clearly and conspicuously disclose" to the obligor his right to rescind. 15 U.S.C. § 1635(a). To do so, "a creditor shall *deliver* two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1) (emphasis added). If the creditor fails to comply with the requirements of 15 U.S.C. § 1635, it is liable for damages under § 1640(a). The obligor also has three years from the date of the closing to rescind the transaction if the required notice of the right to rescind is not delivered. 12 C.F.R. § 226.23(a)(3). For Universal to prevail on its motion for summary judgment, it must show that no reasonable trier of fact could find that proper notice never reached Vaden; Vaden can prevail on his motion for summary judgment only if he can show that no reasonable trier of fact could find that he received proper notice. Neither party can meet its burden.

The Seventh Circuit recognizes that presentation of evidence of proper mailing creates a rebuttable presumption of delivery. *See Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993). In *Godfrey*, the court considered whether the government owed the plaintiffs interest on a tax refund check that the government said was mailed but the plaintiffs said was never received. The court held that "[t]o invoke the presumption of delivery, the government could either present evidence of actual mailing such as an affidavit from the employee who mailed the check, or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the check was properly addressed and mailed." *Id.* at 338. Universal has provided the declaration of Edwin Gausselin, Universal's former president, stating that "[o]n April 3, 2001 . . . , I sent a letter to Mr. Vaden at 107 Sharon Lane, North Aurora, Illinois 60542, enclosing two copies of an H-8 type Notice of Right to Cancel." Gausselin Decl. ¶ 23. Vaden testified at his deposition that 107 Sharon Lane was his address in April 2001 and that he was not experiencing any problems with mail delivery at the time. Gausselin's declaration creates a rebuttable presumption of delivery under the *Godfrey* standard.

However, Vaden has attempted to rebut this presumption by presenting his deposition testimony that he never received the April 3, 2001, letter or the two copies of the corrected notice of the right to rescind. Vaden Dep. at 29-30. "When a plaintiff unequivocally denies receipt of the letter, there is a genuine issue of a material fact." *Jones v. Citibank*, 844 F. Supp. 437, 442 (N.D. Ill. 1994) (citing *In re Longardner & Assocs.*, 855 F.2d 455, 459 (7th Cir. 1988)). The "denial of receipt alone does not rebut the presumption, but merely creates a question of fact." *Longardner*, 855 F.2d at 459 (citation omitted). In short, a genuine issue of fact exists as to whether the proper notice of the right to rescind was delivered. Accordingly, this issue cannot be

decided on summary judgment. Both Vaden and Universal's motions for summary judgment as to the claim regarding the notice of the right to rescind are denied.

The Court also denies IndyMac's motion for summary judgment on this claim. As discussed earlier, IndyMac cannot avoid liability on the ground that it is an assignee because the erroneous statement included in the original notice form was apparent on the face of the document. Furthermore, IndyMac cannot avoid a rescission on the ground that it is an assignee and not the original creditor who committed the TILA violation. "Any consumer who has the right to rescind a transaction under section 1635 [of the TILA] may rescind the transaction against any assignee of the obligation." 15 U.S.C. § 1641(c).

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for summary judgment [docket # 29-1] as to liability on his claim regarding disclosure of the security interest but otherwise denies the motion. The Court denies both defendants' motions for summary judgment [docket #s 27-1, 32-1]. The case is set for a status hearing on September 25, 2003, at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

MATTHEW F. KENNELLY
United States District Judge

Date: September 16, 2003